UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| INNERWORKINGS, INC. <br> 203 N LaSalle Street, Suite 1800 <br> Chicago, Illinois 60601 <br><br> Plaintiff, <br><br> v. <br><br> SARA HORN <br> 217 Katherine Boulevard, Unit 2104 <br> Palm Harbor, Florida 34684 <br><br> and <br><br> SMART SOURCE, LLC <br> 6941 University Boulevard <br> Winter Park, Florida 32792 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 8:21-cv-00903-SDEM-AEP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Uniform Case Management Report**

1. **Date and Attendees**

    The parties conducted the planning conference on 7/16/2021. Peter Steinmeyer, Millie Warner, Daniel Hildebrand, Louis Levenson, and Richard Schaaf attended the conference via Zoom/telephone conference.

2. **Deadlines and Dates**

    The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/17/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/31/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | N/A |
| Defendant's deadline for disclosing any expert report. | N/A |
| Deadline for disclosing any rebuttal expert report. | N/A |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021).[1] | 5/30/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/29/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 6/15/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 12/22/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/21/2023 |

---

[1] The parties do not anticipate using experts in this matter. In the event either party concludes an expert is necessary, the parties have agreed they will take expert discovery after close of fact discovery and will submit a proposed agreed scheduling order in that regard to the Court.

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 1/28/2023 |
| Month and year of the trial term. | 3/1/2023 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff InnerWorkings, Inc. ("InnerWorkings") alleges that former InnerWorkings executive, Defendant Sara Horn ("Horn"), with the assistance and for the benefit of her new employer, Defendant Smart Source LLC ("Smart Source") (a direct competitor of InnerWorkings), misappropriated InnerWorkings's confidential and proprietary and trade secret information and solicited away all of InnerWorkings's employees and clients of its "middle market" business located in Hawaii, in breach of Horn's statutory, contractual and common law obligations.  InnerWorkings asserts claims against Horn and Smart Source for violation of the Defend Trade Secrets Act, violation of the Hawai'i Uniform Trade Secrets Act, aiding and abetting breach of the fiduciary duty of loyalty, and tortious interference with existing and prospective business relationships. InnerWorkings also asserts claims against Horn for breach of her contractual confidentiality, non-competition, and non-solicitation (with respect to customers and employees) obligations.  Finally, InnerWorkings asserts a claim against Smart Source for tortious interference with contract with respect to Horn's contractual relationship with InnerWorkings, and for unfair competition in violation of Hawaii Revised Statute § 480-2.

Horn and Smart Source deny all liability and have each filed a motion to dismiss all claims pursuant to FRCP 12(b)(6).  In particular, defendants contend that Innerworkings has failed to allege any facts suggesting Ms. Horn took any trade secrets or breached her agreements, and likewise has failed to allege any facts suggesting that Smart Source knew about or facilitated any breaches by Ms. Horn. InnerWorkings has not yet filed its response to these motions.

3

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

    Defendants reserve the right to move to limit discovery other than Rule 26 disclosures prior to the Court's ruling on a motion to dismiss, and plaintiff has indicated it will oppose such a motion.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒  Yes.
☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: list the subjects.

- Horn's entry into a Restricted Stock Unit Agreement and Stock Option Agreement with InnerWorkings on or about September 26, 2018.
- Horn's and Smart Source's alleged misappropriation and use of InnerWorkings's confidential, proprietary and trade secret information.
- Horn's and Smart Source's alleged unlawful solicitation of InnerWorkings's employees located in Hawaii.
- Horn's and Smart Source's alleged unlawful solicitation of the customers of InnerWorkings's "middle market" business located in Hawaii.
- The value of InnerWorkings's "middle market" business located in Hawaii before and after Horn and Smart Source allegedly solicited away its employees and customers.
- The value of Smart Source's business in Hawaii before and after Horn and Smart Source allegedly solicited away InnerWorkings's employees and customers located in Hawaii.
- Innerworkings's practices for obtaining alleged electronic assent to employee agreements and employees' access to such agreements.
- Innerworkings's internal review of its middle market business and plan to sell or liquidate that business before and after Horn left Innerworkings.
- Innerworkings's plan to change its compensation practices for the middle market business before and after Horn left Innerworkings.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

5

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

The parties do not anticipate any such issues at this time.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; describe the stipulation.

The parties stipulate to an additional five depositions per side, for a total of 15 depositions per side. This is necessary because of the multiple material witnesses in this case, including, in addition to the three parties to the case (Plaintiff InnerWorkings and Defendants Horn and Smart Source), 14 former InnerWorkings employees who are now employed at Smart Source who, InnerWorkings alleges, were unlawfully solicited by Horn and Smart Source and who allegedly assisted Horn and Smart Source in their alleged misconduct. In addition, there are multiple employees at each corporate party (InnerWorkings and Smart Source) with knowledge on the relevant topics.

The parties further stipulate to service of all discovery requests and responses by e-mail.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Dated: July 16, 2021

| EPSTEIN BECKER & GREEN, P.C. | LEVENSON & ASSOCIATES |
|---|---|
| */s/ Peter A. Steinmeyer* <br> Peter A. Steinmeyer (*admitted pro hac vice*) <br> 227 W. Monroe Street, Suite 3250 <br> Chicago, IL 60606 <br> psteinmeyer@ebglaw.com <br> *Attorneys for Plaintiff InnerWorkings, Inc.* | */s/ Louis Levenson* <br> Louis Levenson (*pro hac vice pending*) <br> 125 Broad Street SW <br> Atlanta, GA 30303 <br> Louis@levensonlaw.com <br> *Attorneys for Defendant Smart Source, LLC* |

GREENBERG TRAURIG, LLP

*/s/ Daniel Hildebrand*
Daniel Hildebrand (*admitted pro hac vice*)
77 West Wacker Drive, Suite 3100
Chicago, Il 60601
hildebrandd@gtlaw.com