UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNERWORKINGS, INC.,

    Plaintiff,

v.                                            Case No. 8:21-cv-903-SDM-AEP

SARA HORN, *et al.*,

    Defendants.
_____/

## **ORDER**

This cause came before the Court for a hearing upon Plaintiff's Motion to Compel Forensic Imaging of Devices and Collection of Relevant and Responsive Electronically Stored Information (Doc. 40) and Defendants' response in opposition thereto (Doc. 46). During the hearing, counsel provided a proffer to the Court regarding the possible resolution of the issues in dispute and their agreement to submit an agreed proposed order. After consideration, and with the agreement of the parties, the motion is granted to the extent set forth herein. Accordingly, it is hereby

ORDERED:

1. The paper and electronic documents of the following individuals shall be searched pursuant to the specific terms of this order: Sara Horn, Charles Dicker, Raymond Evans, Sheri Hamaguchi, Debbie Hokama, Clayton Ichikawa, Lori

Iwata, Noe Pearson, Edwin Shinsato, Blake Stoll, and William Thomas (each person denominated herein a "Custodian" and collectively the "Custodians").[1]

2. By January 31, 2022, the persons named above shall provide Fortis Data, LLC ("Fortis") with access to the following sources of electronically stored information ("ESI") and documents:

    a. all individual personal email accounts belonging to each Custodian at any time since January 1, 2019;

    b. all personal cell phones used by each Custodian at any time since January 1, 2019; and

    c. all hard copy documents in the possession, custody, or control of each Custodian collected in response to the document requests and subpoenas.

3. Fortis will be directed by counsel for Horn and the Subpoena Recipients to take reasonable and timely steps to collect the following sources:

    a. the entire personal email accounts belonging to each Custodian from January 1, 2019 to the present;

    b. all text messages on any personal cell phone belonging to each Custodian from January 1, 2019 to the present; and

    c. all hard-copy documents collected by Horn and the Subpoena Recipients in response to document requests and the subpoenas.

---

[1] Dicker, Evans, Hamaguchi, Hokama, Ichikawa, Iwata, Pearson, Shinsato, Stoll, and Thomas are referred to collectively herein as the "Subpoena Recipients."

2

4. Within a reasonable time after completing their collection of the information set forth in paragraph 3 above, Fortis shall provide a report to counsel for Horn and the Subpoena Recipients that identifies the sources that Fortis collected but does not and will not provide the information itself. After review for errors and completeness, counsel for Horn and the Subpoena Recipients will share the report with counsel for InnerWorkings.

5. Except for the data described in paragraph 6 below, the parties agree that the data collected by Fortis set forth in subparagraph (a) of paragraph 3 above shall then be filtered, by direction from counsel for Horn and the Subpoena Recipients, based on the search terms and date ranges agreed upon between counsel on January 12, 2022 in connection with this Order (the "Search Terms"). The parties will work to modify the Search Terms by agreement as necessary to ensure that they are reasonable and do not return an unduly narrow or excessive scope of documents.

6. The parties agree that, for the personal emails collected pursuant paragraph 3 above, (i) emails between Horn and any Smart Source-affiliated email address from January 1, 2019 to September 1, 2019, and (ii) emails between any of the Subpoena Recipients, on the one hand, and any of Horn's personal email addresses and/or any Smart Source-affiliated email address from June 1, 2019 to June 1, 2020 shall not be filtered by the Search Terms.

7. The parties agree that, for text data collected pursuant to paragraph 3 above, (i) text messages between Horn and any Smart Source-affiliated phone number from January 1, 2019 to September 1, 2019, and (ii) text messages between any of the Subpoena Recipients, on the one hand, and either Horn and/or any Smart Source-affiliated phone number from June 1, 2019 to June 1, 2020 shall not be filtered by the Search Terms.

8. Fortis shall provide for the re-duplication of exact copies of documents that hit on the Search Terms. As used in this Order, the phrase "exact copies" refers to documents that have identical MD5 or SHA1 values. MD5 and SHA1 are hashing algorithms used to generate a unique digital fingerprint of data or message which is known as a hash or digest.

9. Fortis shall scan all hard copy documents provided in connection with document requests or subpoenas by each Custodian and shall not apply the Search Terms to such productions.

10. Counsel for Horn and the Subpoena Recipients may review all data collected by Fortis for relevance and responsiveness before production to InnerWorkings. Thereafter, the data shall be produced by counsel for Horn and the Subpoena Recipients to InnerWorkings, subject to Paragraph 11 below.

11. Counsel for Horn and the Subpoena Recipients may also withhold from InnerWorkings any documents they consider privileged or work product, in which case they each shall create a privilege log ("Privilege Log") that complies with the requirements of Federal Rule of Civil Procedure 26. Communications with

4

counsel that post-date the notice Innerworkings sent to Smart Source in or about March 2020 need not be logged.

12. Within 45 days of receiving the data from Fortis, counsel for Horn and the Subpoena Recipients shall produce to InnerWorkings all the responsive and non-privileged documents, as well as the Privilege Log identified in Paragraph 11. The resulting production to InnerWorkings shall be in the format described in Exhibit A, attached hereto.

13. Counsel for Horn and the Subpoena Recipients shall provide counsel for Innerworkings with an inventory of any other electronic devices or messaging accounts (*e.g.*, personal computer, iPad, electronic storage media, WhatsApp, and LinkedIn) that any Custodian used at any time since January 1, 2019 that may contain relevant ESI. Horn and the Subpoena Recipients represented to their counsel that they undertook a careful search of their personal devices and have already produced responsive documents in their possession. The parties shall meet and confer about the need and methods for any further searching of such devices and accounts. The parties shall present to the Court any disputes that remain regarding such data sources at the hearing set for February 28, 2022.

DONE AND ORDERED in Tampa, Florida, on this 18th day of January, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

5

**EXHIBIT A**
**Production Format**

1. ESI Production Format

ESI shall be produced primarily as single-page, uniquely and sequentially numbered CCITT Group IV TIFF (black and white) image files not less than 300 dpi. Only after receiving the advance permission of the receiving party, the following additional formats may also be acceptable to represent particular ESI or documents: JPEG, JPEG2000, GIF, PNG, single-image TIFF, and BMP.

The images shall be accompanied by searchable text files containing all extracted text on a document basis, or if extracted text is unavailable (*e.g.*, image PDF files), then searchable text generated using Optical Character Recognition ("OCR") will be provided. The text files shall be named to match the endorsed number assigned to the image of the first page of the document. The images and text files shall also be accompanied by a cross-reference load file.

The producing party shall also provide a data load file ("Data Load File") that shall contain the agreed-upon coding and/or Metadata, as reasonably available, associated with each field as specified in Schedule A hereto. Data Load Files will be provided in Concordance or Relativity DAT file format, with field name headers and standard Concordance or Relativity delimiters. The Image Load File will be provided in the OPT and LFP file formats. Emails shall be produced together with all attachments in their families unless family members are being withheld as protected by a privilege or for redactions on the grounds of attorney-client privilege, attorney work product, and/or other privileges cognizable under Federal Rule of Evidence 501 as well as for commercially sensitive, confidential, or proprietary information.

2. Hard Copy Documents Production Format

Hard copy documents stored in paper form in the ordinary course of business shall be converted to electronic form and produced as single-page, uniquely and sequentially numbered CCITT Group IV TIFF image files not less than 300 dpi resolution to enable the generation of searchable text using OCR. The images shall be accompanied by text files containing the OCR-generated searchable text. The text files shall be named to match the endorsed number assigned to the image of the first page of the document.

The images shall also be accompanied by an image cross-reference load file, providing the beginning and ending endorsed number of each document and the number of pages it comprises.

The producing party shall also provide a Data Load File corresponding to the CCITT Group IV TIFF image files that shall contain the following Metadata fields:

- Email Date Sent
- Email From
- Email To
- Email CC
- Email BCC
- Email Subject
- Message ID
- File Name
- File Extension
- File Type
- File Size
- DateTime Created
- DateTime Last Modified
- Author
- Company
- Comments
- Document Title
- ALL Custodians
- Family DateTime
- MD5 Hash
- Logical Path

3. Bates Numbering for TIFF Images

Each page of a document produced in TIFF file format shall be endorsed with a legible, unique numeric identifier ("Bates Number") not less than eight (8) digits (with zero-padding) electronically "burned" onto the image at a place on the document that does not obscure, conceal, or interfere with any information originally appearing on the document. The Bates Number for each document shall be created to identify the producing Party or non-party and the unique document number (*e.g.*, "ABC00000001").

4. Confidentiality Branding on TIFF Images

To the extent the producing party believes that a document should be branded with a confidentiality designation, such a designation shall be electronically "burned" onto the image at a place on the document that does not obscure, conceal, or interfere with any information originally appearing on the document.

5. Document Unitization

If a hard copy document is more than one page, to the extent possible, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed when collected by the parties. If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked. For ESI, all unitization should be defined within the Data Load File including the designation of parent/attachments both for email and attachments.

6. Color Documents

If the receiving party believes that a document is not legible or where the absence of color materially affects the document, the receiving party may request that the document be produced in color, and the Parties shall meet and confer as to the possibility of rendering the document in color format.

7. Production of ESI in Native Format

Other than as specifically set forth below, a producing party need not produce documents in Native Format. Any Native Format files that are produced should be produced with a link in the "NativeFile" Metadata field, along with all extracted text and Metadata fields set forth in Schedule A hereto. No document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection or production. Redactions of ESI will be performed using the Native Format of Excel in Blackout or RTK, or natively in Excel itself. Redactions on grounds of attorney-client privilege or attorney work product shall be logged on a privilege log. However, redacted documents need not be included on a privilege log if it is clear from the non-redacted portions of the document and the "REDACTED" stamp who the sender/recipient(s) are, the date of the redacted information, the subject matter of the redacted information, and the basis or reason for the redaction. Redacted ESI will be OCRed to include all visible (non-redacted) text. Any Metadata fields that contain information subject to redaction shall not be produced, however, the remainder of the Metadata fields for that document that are not subject to redaction will be produced. Notwithstanding the foregoing, the parties hereby reserve their rights to request production of documents in Native Format in the future should the need to do so arise. Should such need arise, the Parties will meet and confer concerning production of any discovery materials in Native Format.

8. Spreadsheets

Subject to the redaction provisions of Paragraph 7, spreadsheets (e.g., Excel and Excel-type files) shall be produced in their Native Format with a link in the Native

File Metadata field, along with extracted text. For extracted text, the producing party may need to unhide all rows and column depending on what method is being used to extract text.

9. Media Files

Any responsive, non-privileged video, animation, or audio files shall be produced in their Native Format. Any responsive video, animation, or audio files that a producing party in good faith believes contains material protected by either the attorney-client privilege or work product doctrine must be identified on a privilege log in the form agreed to by the parties.

10. Other File Types

In some cases, it may be necessary to produce documents in their Native Format because such documents cannot be rendered into TIFF format. In other cases, it may be necessary to alter a native file to create a format suitable for production purposes (*e.g.*, Lotus Notes objects, compiled web pages, etc.). If alteration of a Native Format file is necessary to create a format suitable for production, the Parties will discuss and agree upon an acceptable format.