# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

INNERWORKINGS, INC.,       )
                                         )
      Plaintiff,            )
                                         )  Case No. 8:21-cv-00903-SDM-AEP
           v.              )
                                       )
SARA HORN and SMART SOURCE,   )
LLC,                                  )
                                       )
      Defendants.

## DEFENDANT SMART SOURCE'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, SMART SOURCE, LLC ("Smart Source"), files this Answer and Affirmative Defenses to Plaintiff, INNERWORKINGS, INC. ("InnerWorkings")'s Amended Complaint and Demand for Jury Trial (the "Amended Complaint") against Smart Source and SARA HORN ("Horn") as follows:

## PRELIMINARY STATEMENT

1.     Without knowledge; therefore, denied.

2.     Without knowledge; therefore, denied.

3.     Smart Source admits only that Evans wrote the text, as quoted in the Amended Complaint, in an email to Horn. Smart Source denies the remaining allegations.

4.     Denied.

## OVERVIEW OF THE ACTION

5.      Without knowledge; therefore, denied.

6.      Smart Source admits that Horn is a former InnerWorkings employee and further admits that Horn was offered certain restricted stock and stock options while employed at InnerWorkings. Smart Source denies the remaining allegations.

7.      Without knowledge; therefore, denied.

8.      Without knowledge; therefore, denied.

9.      Without knowledge; therefore, denied.

10.     Smart Source admits that Horn emailed certain InnerWorkings employees, as identified in the referenced December 2019 email, about a visit to Hawaii. Smart Source denies the remaining allegations.

11.     Denied.

12.     Smart Source admits only that Evans wrote the text, as quoted in the Amended Complaint, in an email to Horn. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

13.     Without knowledge; therefore, denied.

14.     Without knowledge; therefore, denied.

15.     Denied.

16.     Without knowledge; therefore, denied.

17.     Denied.

18.     Denied.

19.     Denied.

## JURISDICTION AND VENUE

20.     Admitted.

21.     Smart Source admits that this Court is the proper venue for this action. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

## PARTIES

22.     Without knowledge; therefore, denied.

23.     Smart Source admits only that Horn is presently the Chief Operating Officer of Smart Source, that Horn is a citizen of Florida, and that Horn resides in Palm Harbor, Florida. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

24.     Smart Source admits that it is a limited liability company with headquarters in Atlanta, Georgia. Smart Source admits that it has satellite offices located in Boston, Massachusetts, Los Angeles, California; Honolulu, Hawaii; and Winter Park, Florida, among other locations.  Smart Source admits that Thomas D'Agostino resides in Florida and is the sole member of Smart Source.

## FACTUAL ALLEGATIONS

**A.     InnerWorkings and the Services It Provides**

25.     Without knowledge; therefore, denied.

3

26.     Without knowledge; therefore, denied.

27.     Without knowledge; therefore, denied.

28.     Without knowledge; therefore, denied.

**B.     InnerWorkings's Client Relationships**

29.     Without knowledge; therefore, denied.

30.     Without knowledge; therefore, denied.

**C.     InnerWorkings's Confidential and Proprietary Information**

31.     Without knowledge; therefore, denied.

32.     Without knowledge; therefore, denied.

33.     Without knowledge; therefore, denied.

34.     Without knowledge; therefore, denied.

35.     Without knowledge; therefore, denied.

36.     Smart Source admits only that certain new employees must execute confidentiality, non-competition, and non-solicitation agreements as a condition of employment. Smart Source denies the remaining allegations.

**D.     InnerWorkings's Hawaii Operations**

37.     Without knowledge; therefore, denied.

38.     Without knowledge; therefore, denied.

**E.     Sara Horn's Employment at InnerWorkings**

39.     Without knowledge; therefore, denied.

40.     Without knowledge; therefore, denied.

41.     Without knowledge; therefore, denied.

4

42. Without knowledge; therefore, denied.

43. Without knowledge; therefore, denied.

44. Without knowledge; therefore, denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**F.    InnerWorkings's Efforts to Sell the Hawaii Operations**

55. Without knowledge; therefore, denied.

56. Without knowledge; therefore, denied.

**G.    Smart Source Is a Direct Competitor of InnerWorkings**

57. Smart Source admits only the text quoted directly from its website. Smart Source denies the remaining allegations.

58. Smart Source admits only the text quoted directly from its website. Smart Source denies the remaining allegations.

**H.    Horn and Smart Source Built Smart Source's Hawaii Operations By Having Horn Travel Multiple Times to Hawaii to Recruit Away InnerWorkings's Sales Employees and Clients**

59.    Admitted.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Admitted.

64.    Without knowledge; therefore, denied.

65.    Denied.

66.    Smart Source denies the allegations in the first sentence. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

67.    Smart Source admits only that Horn traveled from her home in Florida to Hawaii in December 2019 and that Horn sent the email, as quoted in the Amended Complaint, to Evans, Clayton Ichikawa, Lori Iwata, Bill Thomas, and Shelley Nalepa. Smart Source denies the remaining allegations.

68.    Without knowledge; therefore, denied.

69.    Smart Source admits only that in late 2019 and early 2020 Horn made multiple trips to Hawaii and that Horn's expenses were paid by Smart Source. Smart Source denies the remaining allegations.

70.     Smart Source admits only that Evans sent an email, as quoted in the Amended Complaint, to Horn. Smart Source denies any allegations inconsistent with the language contained in the emails and further denies the remaining allegations.

71.     Smart Source admits only that Scott Rich sent Horn an email, and that Horn replied to Scott Rich's email, as quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the emails and further denies the remaining allegations.

72.     Smart Source admits only that "Tom D" is Tom D'Agostino, Jr., and that Tom D'Agostino, Jr. is the CEO of Smart Source. Smart Source denies the remaining allegations.

73.     Smart Source admits only that Tom D'Agostino, Jr. exchanged emails with Scott Rich and Horn, as quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the emails and further denies the remaining allegations.

74.     Denied.

75.     Smart Source admits only that Evans sent Horn the email, as quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the email and denies the remaining allegations.

76.     Denied.

77.     Without knowledge; therefore, denied.

78.     Without knowledge; therefore, denied.

79.     Without knowledge; therefore, denied.

7

80.     Without knowledge; therefore, denied.

81.     Denied.

82.     Smart Source admits only that Evans sent Horn the email, as quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the email and denies the remaining allegations.

83.     Without knowledge; therefore, denied.

84.     Without knowledge; therefore, denied.

85.     Denied.

86.     Smart Source admits only that certain Smart Source executives traveled to Hawaii in January 2020 and met with InnerWorkings sales employees. Smart Source admits that Smart Source hosted a dinner on January 22, 2020, which was attended by, among others, certain individuals employed by InnerWorkings at the time of the dinner, and that Smart Source executives made themselves available for individual follow up conversations. Smart Source denies the remaining allegations.

87.     Smart Source admits only that it extended formal offers to former InnerWorkings sales employees, which they accepted, and that in February 2020 Smart Source was ordering business cards and laptops for the new employees, scheduling their orientation, remodeling the office space, and organizing a client appreciation luncheon. Smart Source denies the remaining allegations.

88.     Smart Source admits only that Evans sent Horn the email, as quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the email and denies the remaining allegations.

89.    Without knowledge; therefore, denied.

90.    Smart Source admits only that Ichikawa is currently employed by Smart Source. Smart Source denies the remaining allegations.

91.    Admitted.

92.    Admitted.

93.    Without knowledge; therefore, denied.

94.    Denied.

95.    Smart Source admits only that Karen Hensen sent the email quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the language contained in the email. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

96.    Smart Source admits only that Horn sent the email, quoted in the Amended Complaint, to Karen Hensen. Smart Source denies any allegations inconsistent with the with the language contained in the email and denies any remaining allegations.

97.    Admitted.

98.    Denied.

99.    Smart Source admits only that Horn sent an email containing the language quoted in the Amended Complaint and that Scott Rich sent an email containing the language quoted in the Amended Complaint. Smart Source denies any allegations inconsistent with the with the language contained in the emails and denies any remaining allegations.

100.   Without knowledge; therefore, denied.

101.   Without knowledge; therefore, denied.

102.   Without knowledge; therefore, denied.

103.   Denied.

104.   Denied.

105.   Smart Source admits that Evans, Hokama, Iwata, and Shinsato are currently employed by Smart Source. Smart Source lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.

106.   Without knowledge; therefore, denied.

107.   Denied.

108.   Denied.

109.   Without knowledge; therefore, denied.

110.   Denied.

111.   Denied.

112.   Without knowledge; therefore, denied.

113.   Denied.

## COUNT I
### Violation of the Defend Trade Secret Act (18 U.S.C. § 1836 et seq.)
### (against Horn and Smart Source)

114.   Smart Source incorporates its answers to paragraphs 1 through 113 of the Amended Complaint as though fully set forth herein.

115.   Denied.

116.    Denied.

117.    Without knowledge; therefore, denied.

118.    Without knowledge; therefore, denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Smart Source denies that InnerWorkings is entitled to the requested

relief.

## COUNT II
### Violation of Hawaii's Uniform Trade Secrets Act (HRS § 482B-1 *et seq.*)
### (against Horn and Smart Source)

126.    Smart Source incorporates its answers to paragraphs 1 through 125 of the

Amended Complaint as though fully set forth herein.

127.    Denied.

128.    Denied.

129.    Without knowledge; therefore, denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

11

134.   Denied.

135.   Denied.

136.   Smart Source denies that InnerWorkings is entitled to the requested relief.

## COUNT III
### Breach of Contract – Confidentiality
### (against Horn)

137.   Smart Source incorporates its answers to paragraphs 1 through 136 of the Amended Complaint as though fully set forth herein.

138.   Count III does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

139.   Count III does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

140.   Count III does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

141.   Count III does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source,

Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

142.    Count III does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source denies that InnerWorkings is entitled to the requested relief.

**COUNT IV**
**Breach of Contract – Non-Competition**
**(against Horn)**

143.    Smart Source incorporates its answers to paragraphs 1 through 142 of the Amended Complaint as though fully set forth herein.

144.    Count IV does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

145.    Count IV does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

146.    Count IV does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

147.   Count IV does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

148.   Count IV does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source denies that InnerWorkings is entitled to the requested relief.

**COUNT V**
**Breach of Contract – Non-Solicitation of Customers**
**(against Horn)**

149.   Smart Source incorporates its answers to paragraphs 1 through 148 of the Amended Complaint as though fully set forth herein.

150.   Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

151.   Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

152.   Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart

Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

153.    Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

154.    Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

155.    Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

156.    Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

157.    Count V does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source denies that InnerWorkings is entitled to the requested relief.

**COUNT VI**
**Breach of Contract – Non-Solicitation of Employees**
**(against Horn)**

158.    Smart Source incorporates its answers to paragraphs 1 through 157 of the Amended Complaint as though fully set forth herein.

159.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

160.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

161.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

162.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

163.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source,

Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

164.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

165.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

166.    Count VI does not seek relief against Smart Source and is directed towards Defendant Horn only. To the extent a response is required by Smart Source, Smart Source denies that InnerWorkings is entitled to the requested relief.

**COUNT VII**
**Aiding and Abetting Breach of the Fiduciary Duty of Loyalty**
**(against Horn and Smart Source)**

167.    Smart Source incorporates its answers to paragraphs 1 through 166 of the Amended Complaint as though fully set forth herein.

168.    Without knowledge; therefore, denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.   Denied.

173.   Without knowledge; therefore, denied.

174.   Smart Source denies that InnerWorkings is entitled to the requested relief.

## COUNT VIII
### Tortious Interference with Existing and Prospective Business Relationships
### (against Horn and Smart Source)

175.   Smart Source incorporates its answers to paragraphs 1 through 174 of the Amended Complaint as though fully set forth herein.

176.   Without knowledge; therefore, denied.

177.   Denied.

178.   Without knowledge; therefore, denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Without knowledge; therefore, denied.

188.   Smart Source denies that InnerWorkings is entitled to the requested relief.

**COUNT IX**
**Tortious Interference with Contract**
**(against Smart Source)**

189.    Smart Source incorporates its answers to paragraphs 1 through 188 of the

Amended Complaint as though fully set forth herein.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Without knowledge; therefore, denied.

200.    Smart Source denies that InnerWorkings is entitled to the requested

relief.

**COUNT X**
**Unfair Method of Competition in Violation of HRS § 480-2**
**(against Smart Source)**

201.    Smart Source incorporates its answers to paragraphs 1 through 200 of the

Amended Complaint as though fully set forth herein.

202.    Denied.

203.    Denied.

19

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Smart Source denies that InnerWorkings is entitled to the requested relief.

## COUNT XI
### Civil Conspiracy
### (against Horn and Smart Source)

211.   Smart Source incorporates its answers to paragraphs 1 through 210 of the Amended Complaint as though fully set forth herein.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Without knowledge; therefore, denied.

220.   Smart Source denies that InnerWorkings is entitled to the requested relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED.**

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Amended Complaint, Smart Source asserts and alleges the following separate and additional defenses. By setting forth these defenses, Smart Source does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs properly to InnerWorkings.

## FIRST DEFENSE

InnerWorkings' claims are barred by the doctrine of unclean hands for, but not limited to, the following reasons: Innerworkings deliberately conceals from its employees, including Horn, the fact that it is attempting to bind them to unlawful non-compete and non-solicitation terms, and fails to disclose the terms of those agreements to the employees allegedly bound thereby; InnerWorkings engages in the same alleged misconduct of which they accuse Smart Source – hiring employees from other companies and competitors in the industry, and benefiting from the client relationships which follow a particular employee to their new employer; InnerWorkings had begun the process of cutting salaries and reneging on certain promises of commissions and bonuses, which caused many employees to resign and/or consider resigning, including Horn; and InnerWorkings considered getting out of its "middle market" business in Hawaii prior to Horn joining Smart Source, had terminated some of its middle market

sale representatives, had reduced and restructured the compensation of those sales employees who remained at Innerworkings, all of which cause Innerworkings sales employees to reasonably believe they need to find new employment.

## SECOND DEFENSE

The Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## THIRD DEFENSE

The alleged restrictive covenants contained within the restricted stock and stock option agreements are invalid and unenforceable for, but not limited to, the following reasons: Horn and the sales representatives never entered into the alleged agreements containing such terms; there was no mutual assent to their terms; they were concealed from Horn and the sales representatives, both upon alleged acceptance and upon departure from Innerworkings; the covenants are unlawful and overbroad as they purport to restrict Horn and the sales representatives from soliciting and servicing former Innerworkings clients and do so for longer than one year, without geographic limitation; the covenants are unlawful and unenforceable under applicable law.

## FOURTH DEFENSE

The alleged restrictive covenants contained within the restricted stock and stock option agreements constitute an unlawful restraint on trade for, but not limited to, the following reasons: the restricted covenants are overbroad as they purport to restrict

former InnerWorkings employees from soliciting or servicing InnerWorkings customers, potential customers, or business relations for longer than one year; the restricted covenants impose greater restrictions than required to protect the legitimate business interest of InnerWorkings; the restricted covenants impose an undue hardship on employees because they restrict former InnerWorkings employees from performing services for a business that engages in a competing business purpose throughout the entire country. *See* section 6(a)(iii) of Exhibits A and B of the Amended Complaint ("'Geographic Area' shall mean the Participant's country of employment and any other countries in which the Participant conducts business on behalf of the Company or a Subsidiary of the Company.").

## FIFTH DEFENSE

InnerWorkings' claims are barred, in whole or in part, due to the equitable doctrine of consent, waiver and/or estoppel. For example, Horn disclosed prior to her departure from Innerworkings that she had accepted an operations position at Smart Source, and the executive she reported to did not then advise her that accepting the position would be a violation of any non-compete agreement. Further, prior to her departure from Innerworkings, Horn asked for copies of any agreements between her and Innerworkings, and none were provided. InnerWorkings has itself, among other things, hired employees who at the time of hiring were subject to agreements with their former employer(s) containing restrictive

covenants, despite both the employee's and InnerWorkings' knowledge of such restrictive covenants.

## SIXTH DEFENSE

InnerWorkings' action is barred because neither Smart Source nor Horn have breached any duty or other obligation owed to InnerWorkings.

## SEVENTH DEFENSE

InnerWorkings' claims are barred because any alleged conduct by Smart Source or Horn was not the cause, in law or fact, of any injury InnerWorkings allegedly suffered, and InnerWorkings' alleged losses were not actually or proximately caused by Smart Source or Horn.

## EIGHTH DEFENSE

InnerWorkings' own actions or misconduct caused, in whole or in part, whatever damages they purport to have suffered.  To the extent InnerWorkings is entitled to any recovery at all, any such recovery must be proportionately reduced by InnerWorkings' actions or misconduct.

## NINTH DEFENSE

If damaged (which Smart Source vigorously denies), InnerWorkings has failed to make reasonable efforts to mitigate their damages.

**TENTH DEFENSE**

InnerWorkings' claims are barred because it selectively enforces its Confidentiality and Noncompete Agreements and, therefore, has waived its right to enforce the Agreements. Other employees formerly in InnerWorkings' employ, who terminated their employment with InnerWorkings, were not the subject of litigation for their alleged failure to comply with their respective restrictive covenants.

**ELEVENTH DEFENSE**

InnerWorkings has no claim for tortious interference against Smart Source because Smart Source had the privilege of lawful competition; Innerworkings's sales representatives did not have notice of or agree to the terms of their alleged non-competition and other restrictive covenants; and Innerworkings's alleged restrictive covenants regarding the middle market sales representatives are unlawful, unenforceable, and contrary to public policy of their home states.

**TWELFTH DEFENSE**

Because InnerWorkings has failed to comply with the requirements of § 768.72(1), Florida Statutes, InnerWorkings' prayers for punitive damages are not legally cognizable and should be stricken.

## THIRTEENTH DEFENSE

The information, documents, materials, data, and other similar items described in the Amended Complaint do not constitute "trade secrets" as contemplated by either the Defend Trade Secrets Act or the Hawaii Uniform Trade Secrets Act.

## FOURTEENTH DEFENSE

InnerWorkings claims are barred, in whole or in part, on the grounds that the purported confidential and trade secret information was and is readily ascertainable by proper means. The information at issue in this action is neither confidential nor trade secret protected and InnerWorkings' claims based on such information either under the terms of the agreement InnerWorkings asserts in this action, or under the Hawaii Uniform Trade Secrets Act and/or Defend Trade Secrets Act, are barred in full.

## FIFTEENTH DEFENSE

InnerWorkings' claims relating to the alleged restricted stock and stock option agreements fail as a matter of law because the restrictive covenant agreement is not "set forth in a writing signed by the person against whom enforcement is sought," and is therefore not enforceable. Fla. Stat. § 542.335(1)(a).

## INCORPORATION BY REFERENCE OF CO-DEFENDANTS' DEFENSES

Smart Source incorporates all defenses asserted by the current and future co-defendants in this action as if fully set forth herein to the fullest extent they are applicable to Smart Source or the claims asserted against Smart Source.

## RESERVATION OF DEFENSES

Smart Source expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

27

Dated:  March 18, 2022

Respectfully submitted,

*s/* **Eric C. Christu**
**Eric C. Christu, Esq.**
Florida Bar No. 434647
SHUTTS & BOWEN LLP
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Tel: 561/835-8500
Fax: 561/822-5503
Email: echristu@shutts.com
Secondary Email: aarce@shutts.com

**Scott H. Silver, Esq.**
Florida Bar No. 0042297
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Suite 4100,
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 347-7877
Email: ssilver@shutts.com

*Attorneys for Defendant Smart Source, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2022, the foregoing *Answer and Affirmative Defenses* was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

*/s/ Eric C. Christu*
Eric C. Christu, Esq.

WPBDOCS 11191364 4

28