UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNERWORKINGS, INC.,

    Plaintiff,

v.                                      CASE NO. 8:21-CV-00903-SDM-AEP

SARA HORN AND SMART
SOURCE, LLC,

    Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
"EVIDENCE" REGARDING CUSTOMER CAUSATION
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants Sara Horn and Smart Source, LLC ("Horn," "Smart Source" and collectively "Defendants"), respectfully request that this Court enter an Order, *in limine*, excluding and prohibiting Plaintiff Innerworkings, Inc. ("IW" or "Plaintiff") from attempting to present "evidence" as to why any of its alleged customers ceased doing business with IW.  IW has asserted numerous claims against Defendants based on allegations that Defendants caused certain customers to cease working with IW.  IW will not, however, present the testimony of any of those customers at trial to establish why they elected to cease working with IW.  Only each customer can tell the jury why it elected to cease doing business with IW.  Testimony from any other witness on that issue would be wholly speculative, inadmissible, confusing, prejudicial and of no probative value whatsoever.

1

## BACKGROUND AND PROCEDURAL HISTORY

IW asserts a variety of claims against Defendants based on allegations that Defendants entirely destroyed IW's business by improperly hiring IW employees and interfering with IW customers. Multiple claims are dependent on IW proving that Defendants' alleged conduct *caused* IW customers to cease working with IW, including a claim against Horn for allegedly breaching a non-solicitation covenant (Count V), and claims against both Defendants for allegedly tortiously interfering with customers (Count VIII) and allegedly aiding and abetting a former IW sales representative, Ray Evans ("Evans"), in breaching his alleged fiduciary duty (Count VII).

Notably, IW did not have contractual relationships with its middle market business customers; rather, customers would place orders via purchase order and there was no guarantee that any middle market customer would direct their future business needs to IW. DE 192-4, at 18:8-25. IW's 30(b)(6) Corporate Representative Mike Wagner conceded that IW's middle market customers could do business with IW or any other another competitor in the industry or even simultaneously do business with multiple competitors. DE 192-5, at 71:21-72:25. IW, however, never sought discovery from any of its purported customers who were allegedly interfered with to determine why they ceased doing business with IW, and none are listed as witnesses for trial.

Despite that fact, IW previously moved for summary judgment, arguing that "[a]s a result of [Defendants'] efforts, virtually all of InnerWorking's Hawaii customers left Innerworkings for Smart Source. (*See* Ex. 4 at 85:4-12; Ex. 2 at 147:4-13)." DE

2

191-29. The "evidence" IW cited in support of its motion was (1) testimony of IW's corporate representative, Mike Wagner, [Ex. 4] who testified that "[a] substantial number of [customers] left" IW and (2) testimony from Evans, [Ex. 2] who testified that the majority of his customers followed him to Smart Source. IW's own evidence, however, shows that some customers did not move their business to Smart Source and continued to place new orders for business with IW. DE 192-14; DE 192-29.

Defendants filed their own summary judgment motion arguing, *inter alia*, that IW's claims fail as a matter of law because, among other reasons, IW has no evidence to prove that Defendants' conduct was the proximate cause of any alleged damages. Defendants relied on Judge Dalton's decision issued in *Westgate Resorts, Ltd. v. Sussman*, 2019 WL 3848805 (M.D. Fla. July 26, 2019), which addressed proximate causation of damages in a factually similar case.

In *Sussman*, the plaintiff, a timeshare company, filed a lawsuit alleging the defendant tortiously interfered with contracts between the plaintiff and its owners/customers. Plaintiff argued that it could prove tortious interference by presenting a small sample of testimony from its customers (timeshare owners), but the court rejected the argument because plaintiff would have to show the alleged tortious interference is what proximately caused the damages (plaintiff's alleged damages related to a number of owners/customers far greater than the sample plaintiff intended to present to the court). Judge Dalton explained "what [defendant] did and said to the owners is besides the point for the outstanding damages question. . . . What matters

3

now is what the owners themselves did because of [defendant's] actions and words."

*Id*. at *2.

Judge Dalton further explained:

> ***What answers the question of what did owners do as a result of [defendant's] interference is, quite simply, testimony from owners*** (as the Court said at the Pre-Trial Conference). Alternatively, the Court was willing to entertain the possibility that statistical evidence could bridge this gap—which is why the Court asked the parties for briefing. That's out (Doc. 244), so the only remaining possibility is hearing from the owners. ***In no circumstances will the Court allow a case to proceed to a jury trial when it hangs on such loose evidentiary threads that Plaintiffs submit here. Plaintiffs' contentions that [defendant's] actions and words suffice to establish the outstanding causation and damages issues are rejected***.

*Id.* at *2 (emphasis added). Similarly, here, because IW has no testimony from any of its customers, IW has no absolutely evidence as to what any customer did as a result of Defendants' alleged conduct—IW can only speculate at best.

In addition to arguing the law, Defendants submitted declarations from several former IW customers, who attested that (1) they did not have exclusive relationships with IW; (2) Smart Source did not induce them to stop working with IW; (3) they were willing to continue to work with IW; and (4) they ceased doing business with IW because of issues with IW, not because of Defendants. DE 199-19; DE 199-20; DE 199-21; DE 199-22; DE 199-23; DE 199-24; DE 199-25 (the "Declarations"). In essence, the Declarations establish as a factual matter why Judge Dalton's opinion in *Sussman* is the established law – it is entirely improper to assume that any alleged improper conduct was the proximate cause of any third party's ultimate decision without testimony from the third party about their decision.

## LEGAL STANDARD

"The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). Evidence is relevant and admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Yet, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

### I. The Court Should Prohibit IW From Presenting "Evidence" That Defendants Caused Any Customer To Cease Working With IW

IW bears the burden to prove that Defendants caused each customer for whom IW is seeking damages to cease working with IW. As the Court explained in *Sussman*, only the customers can explain why they did what they did. *Sussman*, 2019 WL 3848805, at *2. This is even more true in this case where there was no guarantee that any IW customer would do business with IW in the future.

IW, however, will not have any customer testify at trial as to why it did not continue doing business with IW. IW will instead rely on speculative testimony from other witnesses, or argument from counsel, regarding why they believe a customer

5

chose to not to continue to work with IW. The Court should not permit IW to present such speculative and "loose evidentiary threads" to the jury because it would be prejudicial, confusing, and of no probative value. *Sussman*, 2019 WL 3848805, at *2.

Allowing testimony from IW's witnesses who are not customers, or counsel's speculative arguments, as to why any customer did anything could confuse or mislead the jury on a critical element of the claims asserted. Moreover, speculative argument or testimony regarding each customer's independent decision as to whether to work with IW has no probative value at all. The prejudicial impact, however, is tremendous.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order excluding and prohibiting Innerworkings, Inc. from attempting to present "evidence" as to why any of its alleged customers ceased doing business with IW, and granting such further relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g) of the Local Rules for the Middle District of Florida, the undersigned counsel have conferred with Plaintiff's counsel in a good faith effort to resolve by agreement the issues raised by the instant motion. Plaintiff's counsel opposes the relief sought in this motion.

| /s/ Jennifer W. Corinis | /s/ Eric Christu |
|---|---|
| Jennifer W. Corinis | Louis Levenson |
| Florida Bar No. 49095 | (Admitted Pro Hac Vice) |
| **GREENBERG TRAURIG** | **LEVENSON & ASSOCIATES** |
| 101 E. Kennedy Blvd., Suite 1900 | 125 Broad Street SW |
| Tampa, FL 33602 | Atlanta, GA 30303 |
| corinisj@gtlaw.com | louis@levensonlaw.com |
| | |
| Daniel Hildebrand, Esquire | Eric C. Christu, Esq. |

6

| | |
|---|---|
| (Admitted Pro Hac Vice) | Florida Bar No. 434647 |
| LEWITAS HYMAN PC | SHUTTS & BOWEN LLP |
| 161 N. Clark Street, Suite 1600 | 525 Okeechobee Blvd., Suite 1100 |
| Chicago, IL  60601 | West Palm Beach, FL 33401 |
| dhildebrand@securitieslaw.com | echristu@shutts.com |
| | |
| Attorneys for Defendant Sara Horn | Attorneys for Defendant Smart Source, LLC |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2023, a true and correct copy of the foregoing was served electronically on all counsel of record.

/s/ *Eric C. Christu*
Eric C. Christu, Esq.