UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNERWORKINGS, INC.,

    Plaintiff,

v.                                     CASE NO. 8:21-CV-00903-SDM-AEP

SARA HORN AND SMART
SOURCE, LLC,

    Defendants.
_____/

**DEFENDANTS' MOTION TO BIFURCATE, MOTION IN LIMINE, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 42(b), Fed. R. Civ. P. and Rules 402 and 403, Fed. R. Evid., Defendants Sara Horn and Smart Source, LLC, ("Horn," "Smart Source" and, collectively, "Defendants") respectfully request that this Court enter an Order: (1) for bifurcation as to Plaintiff Innerworkings, Inc.'s ("IW") claims for punitive damages at trial, and (2) enter an Order, *in limine*, precluding IW from presenting, referring to, questioning about, impeaching witnesses, or commenting upon, directly or indirectly, Smart Source's financial information, revenue, and net worth until after liability is determined at trial. The Court should not permit IW to introduce or reference such evidence as it irrelevant to the issue of Defendants' liability and could unfairly prejudice Defendants. Moreover, bifurcating the trial as to the determination of punitive damages will be convenient, expeditious, efficient, and just.

## INTRODUCTION

IW asserts eleven counts against Defendants. Of the eleven counts, four claims include allegations of punitive damages – Count VII for Aiding and Abetting Breach of Fiduciary Duty of Loyalty, Count VIII for Tortious Interference with Existing and Prospective Business Relationships, Count IX for Tortious Inference with Contract, and Count XI for Civil Conspiracy. Defendants, therefore, request that the Court bifurcate the trial in two phases.

The first phase will allow the jury to determine the liability of the Defendants and will exclude references to evidence of Smart Source's net worth, revenue, and other financial information. If the jury determines that punitive damages are warranted, the second phase will allow the jury to consider evidence relevant to the amount of punitive damages for which Defendants may be liable, including evidence of Smart Source's economic standing. Defendants do not propose that phase two occur during a separate timeframe, but be addressed at the end of the designated trial period in the event that IW prevails on a claim for which punitive damages may be awarded.

## LEGAL STANDARD

Rule 42(b) of the Federal Rules of Civil Procedure permits "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" when it is convenient, "to avoid prejudice, or to expedite and economize." Courts have broad discretion in determining whether bifurcation is proper. *Harrington v. Cleburne County Bd. Of Educ.*, 251 F. 3d 935, 938 (11th Cir. 2001). In addition to Rule 42(b),

courts have evaluated other factors when determining whether to bifurcate, such as: "(1) whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration; (2) whether separate trials will avoid prejudice; and (3) whether the issues sought to be tried separately are significantly different." *NorthStar Moving Holding Co., Inc. v. King David Van Lines*, No. 0:19-CV-62176, 2021 WL 9794592, at *1 (S.D. Fla. May 4, 2021).

As for a Motion in Limine, "[t]he real purpose . . . is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007); *see also Reyes v. Aqua Life Corp.*, 2012 WL 12892213, at *1 (S.D. Fla. July 9, 2012). "In resolving evidentiary disputes before trial, motions in limine avoid the need to 'unring the bell' once inadmissible evidence has been presented to the jury." *FTC v. PointBreak Media, LLC*, No. 18-61017-CIV, 2018 WL 3697471, at *1 (S.D. Fla. May 21, 2018).

"A district court has broad discretion in determining the admissibility of evidence." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1243 (11th Cir. 2009). Evidence is relevant and admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Yet, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

I.  **The Court Should Bifurcate The Trial As To The Determination Of Punitive Damages and Preclude IW From Referencing Or Introducing Evidence Of Smart Source's Net Worth**

IW is "seeking as damages the value of its business in Hawaii as of February 14, 2020, the date that Defendants destroyed that business through their illegal conduct." DE 192-36. IW also seeks "to recover exemplary and/or punitive damages in its statutory and common law claims (of two to three times actual damages, as allowed either by statute or common law) . . . ." *Id.* Accordingly, the entirety of IW claims and Defendants' potential liability will be based upon IW's total destruction theory. Smart Source therefore seeks to preclude IW from presenting, referring to, questioning about, impeaching witnesses, or commenting upon, directly or indirectly, Smart Source's financial information, revenue, and net worth during Phase I of trial in order to prevent improper contamination of the jury's consideration of such evidence when determining liability.

Smart Source's financial information, revenue, and net worth have no value or relevance to IW's total destruction damages theory. In fact, IW intends to prove its total destruction theory through expert testimony and factual testimony "that the price it historically has paid to acquire businesses in the printing and promotional products industry and/or the price it historically has received when selling businesses in the printing and promotional products industry has been approximately four-to-six times EBITDA." *Id.*; *see also* DE 192-35. IW even calculates its EBITDA figure based up on

4

*its own* financial data. DE 192-36. Thus, Smart Source's revenue, financial data, and net worth would be of no use in determining whether Defendants are liable for the claims alleged. *See Zarfaty v. Garden Fresh Restaurant Corp.*, No. 15-cv-60268, 2019 WL 5617937, at *2 (S.D. Fla. Oct. 31, 2019) (granting defendant's motion to bifurcate the issue of punitive damages and noting that evidence of defendant's valuation "is not relevant to Defendant's liability"). Moreover, if evidence of Smart Source's finances and/or revenue were to be introduced or referenced, it could prejudice Defendants by improperly influencing the jury's decision on liability. *See Blanco v. Capform, Inc.*, No. 11-23508-Civ, 2013 WL 118171, at *4 (S.D. Fla. Jan. 9, 2013) (agreeing that "Capform may be prejudiced by the introduction of evidence related to Capform's value before the determination of liability is made").

    Lastly, bifurcating the amount of punitive damages, if any, will be in the interest of judicial economy. If Defendants prevail on the issue of liability, the trial will be shorter because the arguments, the evidence, and the judicial resources required to determine the amount of punitive liability will be avoided. The presentation of evidence on the amount of punitive damages should not consume the time of the Court or the jury until and unless the jury determines that IW has met its burden of proof on punitive liability.

    WHEREFORE, Defendants respectfully request that the Court enter an Order: (1) granting the Motion to Bifurcate as to the determination of punitive damages; (2) granting the Motion in Limine, excluding IW from referencing or introducing evidence of Smart Source's net worth and financial information during the

5

first phase trial; and (3) granting such further relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g) of the Local Rules for the Middle District of Florida, the undersigned counsel have conferred with Plaintiff's counsel in a good faith effort to resolve by agreement the issues raised by the instant motion. Plaintiff's counsel opposes the relief sought in this motion.

| | |
|---|---|
| */s/ Jennifer W. Corinis* | */s/ Eric Christu* |
| Jennifer W. Corinis | Louis Levenson |
| Florida Bar No. 49095 | (Admitted Pro Hac Vice) |
| **GREENBERG TRAURIG** | **LEVENSON & ASSOCIATES** |
| 101 E. Kennedy Blvd., Suite 1900 | 125 Broad Street SW |
| Tampa, FL 33602 | Atlanta, GA 30303 |
| corinisj@gtlaw.com | louis@levensonlaw.com |
| | |
| Daniel Hildebrand, Esquire | Eric C. Christu, Esq. |
| (Admitted Pro Hac Vice) | Florida Bar No. 434647 |
| LEWITAS HYMAN PC | SHUTTS & BOWEN LLP |
| 161 N. Clark Street, Suite 1600 | 525 Okeechobee Blvd., Suite 1100 |
| Chicago, IL 60601 | West Palm Beach, FL 33401 |
| dhildebrand@securitieslaw.com | echristu@shutts.com |
| | |
| Attorneys for Defendant Sara Horn | Attorneys for Defendant Smart Source, LLC |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2023, a true and correct copy of the foregoing was served electronically on all counsel of record.

*/s/ Eric C. Christu*
Eric C. Christu, Esq.