UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNERWORKINGS, INC.,

    Plaintiff,

v.                                        CASE NO. 8:21-CV-00903-SDM-AEP

SARA HORN AND SMART
SOURCE, LLC.,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY SUPPORTING MOTION TO EXCLUDE EVIDENCE AND REFERENCES TO FORMS OF RELIEF OR REMEDIES NOT INCLUDED WITHIN PLAINTIFF'S DISCOVERY RESPOSNES [DE 235]**

Pursuant to Local Rule 3.01(d), Defendants Sara Horn ("Horn") and Smart Source, LLC ("Smart Source") (collectively, "Defendants"), request leave to file a three (3) page reply to Plaintiff InnerWorkings, Inc.'s ("IW") *Opposition to Defendants' Motion in Limine to Preclude Evidence and References to Forms of Relief and Remedies Not Included Within Plaintiff's Discovery Responses* ("Response") [DE 252].

Defendants' Motion [DE 235] argued that the Court should prohibit IW from seeking disgorgement and restitution damages, among other damages, because IW did not disclose those damages in response to interrogatories that Defendants served during discovery. DE 235 at 2-6. In its Response, IW argues that the Motion should be denied because disgorgement and restitution damages need not be disclosed in Rule 26 disclosures. Response at 6-8.

1

"The purpose of a reply brief is to rebut any new law or facts..." *Tardif v. People or Ethical Treatment of Animals,* 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States,* 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). In other words, a reply brief should benefit the Court's resolution of the pending motion. *See Goines v. Lee Mem'l Health Sys.,* 2018 WL 4383057, at *1 n.1 (M.D. Fla. Sept. 14, 2018).

Good cause exists for a reply because IW raised a new legal argument in its Response regarding its obligations to disclose disgorgement and restitution claims under Rule 26 that differs from the argument in the Motion, which was predicated on IW's discovery responses. Defendants should be permitted to respond to IW's arguments regarding Rule 26 and address why they are inaccurate and do not preclude or negate the relief sought in the Motion.

WHEREFORE, Defendants respectfully requests leave to file a three (3) page reply to IW's Response [DE 252] and in support of its Motion [DE 235].

### LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with Plaintiff's counsel, and Plaintiff does not oppose the relief sought herein.

| | |
|---|---|
| */s/ Jennifer W. Corinis* | */s/ Eric Christu* |
| Jennifer W. Corinis | Louis Levenson |
| Florida Bar No. 49095 | (Admitted Pro Hac Vice) |
| **GREENBERG TRAURIG** | **LEVENSON & ASSOCIATES** |
| 101 E. Kennedy Blvd., Suite 1900 | 125 Broad Street SW |
| Tampa, FL 33602 | Atlanta, GA 30303 |
| corinisj@gtlaw.com | louis@levensonlaw.com |
| | |
| Daniel Hildebrand, Esquire | Eric C. Christu, Esq. |
| (Admitted Pro Hac Vice) | Florida Bar No. 434647 |
| LEWITAS HYMAN PC | SHUTTS & BOWEN LLP |
| 161 N. Clark Street, Suite 1600 | 525 Okeechobee Blvd., Suite 1100 |
| Chicago, IL 60601 | West Palm Beach, FL 33401 |
| dhildebrand@securitieslaw.com | echristu@shutts.com |
| | |
| *Attorneys for Defendant Sara Horn* | *Attorneys for Defendant Smart Source, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2023, a true and correct copy of the foregoing was served electronically on all counsel of record.

                                                                               */s/ Eric C. Christu*
                                                                                  Eric C. Christu, Esq.