UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


INNERWORKINGS, INC.

v.                                                          CASE NO. 8:21-CV-903-SDM-AEP

SARA HORN and SMART
SOURCE, LLC.
_____/


**ORDER ON MOTIONS *IN LIMINE***

I.

InnerWorkings moves *in limine* (Doc. 181) to exclude the opinion testimony of the defendants' expert Briggs Stahl. The defendants respond (Doc. 198). InnerWorkings argues that Stahl's opinion is inadmissible because Stahl includes no "alternative methodology" or "opinion as to value" but confines his opinion to a critical analysis of Ultz's valuation opinion. Despite the result in *B-K Cypress*, the clearly dominant and correct rule permits an expert — without the necessity of offering an alternative methodology or valuation — to direct opinion testimony to the perceived deficiencies of an opposing expert's opinion. Identified conflict between expert opinions, when usefully explained by counsel or another witness or both, benefits the jury in resolving issues of fact. InnerWorkings argues further that Stahl's opinion improperly expresses a legal opinion on the proper measure of damages, about which the parties disagree. Of course, an expert can almost never offer a purely legal opinion, and that will not occur in the trial of this action (and no one should attempt to

adduce a legal opinion from an expert witness). Apparently, based on the notion that the pertinent business was effectively destroyed on a certain day, InnerWorkings has elected to prove damages based on a business valuation as of that certain day. Apparently, the defendants insist that the proper measure of damages is lost profit because the business was not destroyed at all and not, in any event, on a certain day. But, if InnerWorkings at trial can establish sufficiently the fact that the defendants effectively destroyed the business on a certain day, the value of the business on the day of destruction is available as evidence to prove damages. The question of whether, to what extent, and in what manner the evidence will prove sufficient and persuasive to the jury is, to quote the parties, not today "known or reasonably knowable." One possibility is that the competing theories of the effect, if any, of the defendants' actions on InnerWorkings and the competing measures of any adverse financial consequences are subject to resolution by the jury based on instructions in the generic form of "if you find X, determine damages this way; if you find Y, find damages this other way" — both, of course, assuming a finding of liability and assuming a sufficient evidentiary predicate to permit the submission of the issue to the jury. In any event, an expert is permitted typically to base an opinion on, among other items, information available in the record, information available to and used by a reasonable expert in the pertinent discipline, and information posed (but requiring proof, and subject to disproof, during the trial) as a premise in, or other component of, an otherwise proper hypothetical question to an expert. InnerWorkings further objects to the admissibility of Stahl's opinion based on his putatively flawed understanding and

application of the "lack of marketability" discount in valuation, his putatively flawed attack on Ultz's EBITDA calculation, and the like, each of which objection (including the objection to Stahl's qualifications), even if a telling objection, is an objection that pertains to the weight and not the admissibility of the opinion testimony and each of which is a proper and fitting subject for contrary opinion from another expert, cross-examination, argument of counsel, and the like. The motion (Doc. 181) is **DENIED-IN-PART** and **DEFERRED-IN-PART** in accord with this paragraph.

II.

InnerWorkings moves *in limine* (Doc. 182) to "strike the report and exclude the 'expert' testimony of James A. Anderson." The defendants respond (Doc. 197). InnerWorkings objects (Doc. 182 at 3) to Anderson's opinion based on a claimed violation of Rule 26(a)(2)(B)(ii), but the alleged violation, if any, is harmless given the particulars of the objection, is cured given the later disclosures, or is otherwise insufficient at this stage of the action to warrant striking the report or excluding Anderson's opinion. InnerWorkings's Argument I, based in part on *B-K Cypress*, is rejected for the reason stated earlier. InnerWorkings objects based on Anderson's alleged lack of expertise. A review of Anderson's credentials and his opinions establishes that his experience, knowledge, and expertise in the pertinent industry and in transactions within the industry are sufficient to permit him to opine, as he does in his report, that history and practice in the pertinent industry confirm, as to a prospective purchaser of InnerWorkings's Hawaii business, that "any potential interest at all at this time would not have been based on a valuation methodology" but "would have

been based on an assessment of the past and present revenue performance of this small sales group and would have factored in the highly risky and speculative nature of the future revenue performance," among other things, and that "sales revenue, rather than EBITDA, is the primary measure of sales activity, success and value within the Printing Industry." This and Anderson's other opinions are within his experience, knowledge, and expertise and will benefit the jury in determining the facts, including the always challenging question of valuation and, hence, damages.  As the defendants state, Anderson "has spent his entire career in the printing and paper converting industries … and has worked as a mergers and acquisitions consultant in those industries since 1987."  Further the defendants state that "Anderson did not hold himself out as a financial analyst or appraiser" but rather that "he identified his expertise in valuing printing industry companies in real world transactions."  In other words, Anderson seems to say, if effect, that regardless of the theory and practice of general business valuation in other industries and at other times, in fact and in the pertinent industry and at the pertinent time his view of value governs — an opinion he appears qualified to render.  The balance of InnerWorkings's objections to Anderson's report and testimony, even if telling objections, are objections that pertain to the weight and not the admissibility of the opinion testimony, and each is a proper and fitting subject for contrary opinion from another expert, cross-examination, argument of counsel, and the like.  The motion (Doc. 182) is **DENIED**.  Item IV, raised at page 21 of Doc. 182, will play no part in this trial, and no party or witness should allude to the item without leave of court requested outside the hearing of the jury;

this unresolved matter likely would waste time and distract and confuse the jury without any benefit.

### III.

InnerWorkings moves *in limine* (Doc. 202) to strike two "declarations" and for sanctions. The defendants respond (Doc. 207). The motions are **DENIED** (the summary judgment motions to which the "declarations" pertain are denied, regardless of the status of the "declarations").

### IV.

The defendants move *in limine* (Doc. 209) to exclude the testimony of InnerWorkings's expert Jesse A. Ultz. InnerWorkings responds (Doc. 210). A review of the motion, the response, and Ultz's report confirm that Ultz's qualifications comfortably exceed the threshold for testimony in the form of an expert opinion. His method and his analysis are familiar and well-established in the pertinent field, and his experience and knowledge, again, comfortably exceed the threshold. The defendants' principal objection is that Ultz's valuation of the business as of a certain day is the wrong measure of damages. For the reasons expressed in Sections I and II of this order and with the same accompanying remarks, that objection fails to warrant, based on a motion *in limine*, the exclusion of his testimony. As stated earlier, the balance of the defendants' objections to Ultz's report and testimony, even if telling objections, are objections that pertain to the weight and not the admissibility of the opinion testimony, and each is a proper and fitting subject for contrary opinion from another expert, cross-examination, argument of counsel, and the like. The issues and

the evidence in this action would benefit from further attention to InnerWorkings's correct observation that "[t]he question is not whether the estimate, or the data used to prepare the estimate, was known or knowable at the time of the valuation … but whether InnerWorkings's actual central support costs were known or knowable." The motion (Doc. 209) is **DENIED**.

V.

InnerWorkings moves *in limine* (Doc. 217) to preclude the testimony of a category of witnesses, "including, without limitation, Kristian Elgey, Dave Chlebek, Mike Mikyska, and any customers." The defendants respond (Doc. 249). The motion (Doc. 217) is **DENIED**. InnerWorkings may move for relief, including but not limited to a motion for leave to depose any of the identified witnesses or similar witnesses, if necessary to avoid any material prejudice.

VI.

InnerWorkings moves *in limine* (Doc. 218) to exclude evidence "concerning the authenticity of Horn's agreements." The defendants respond (Doc. 250), including with the argument that the issue of the existence, content, and effect of an agreement is conspicuous in this action from the outset. The motion is **DENIED**. Nonetheless, InnerWorkings may move for relief, including but not limited to a motion for leave to depose witnesses, if necessary to avoid any material prejudice.

VII.

InnerWorkings moves *in limine* (Doc. 219) to exclude the testimony of the defendants' expert Stahl on several matters, including any legal opinions about the

- 6 -

proper measure of damages. The defendants respond (Doc. 251). The motion is **DENIED** for the reasons stated earlier in this order.

## VIII.

InnerWorkings moves *in limine* (Doc. 220) to exclude evidence of Horn's "personal circumstances, including without limitation that she is divorced, that she is a single mother, and that her daughter had cancer decades ago." The defendants respond (Doc. 258). The motion is **GRANTED**. The marital status and personal circumstances of Horn appear entirely irrelevant to the issues in this action. That her mother managed her finances because of a family circumstance might inform some issue in the action but marital status and the like do not. If, as a result of the evidence at trial, this excluded evidence becomes probative of some issue, counsel may request — outside the hearing of the jury — to re-visit this determination.

## IX.

InnerWorkings moves *in limine* (Doc. 221) to exclude evidence of the later acquisition by HH Global of InnerWorkings's entire business (that is, the world-wide business and not just the Hawaii business). The defendants respond (Doc. 254). The motion (Doc. 22) is **GRANTED** for the reasons stated in the motion by InnerWorkings and because, even if tangentially relevant (which this is not), evidence of the acquisition, the price, the basis for the price, and the assets acquired, among other things, and argument about the meaning, if any, of the acquisition will distract and confuse the jury and waste otherwise valuable resources with little or no offsetting benefit. Also, without introduction of evidence about a third-party's acquisition of a

much larger bundle of business, also owned by InnerWorkings, the state of Inner-Workings's Hawaii operation in the time following the day the business was allegedly destroyed will provide an answer to whether the business was effectively destroyed.

X.

The defendants move *in limine* (Doc. 224) to exclude evidence of an earlier incident involving the defendants' expert Anderson in *Tension Envelope* in the Western District of Missouri. InnerWorkings responds (Doc. 247). For the reasons stated in the motion and earlier in this order ("Item IV, raised at page 21 of Doc. 182, will play no part in this trial, and no party or witness should allude to the item without leave of court requested outside the hearing of the jury; this unresolved matter likely would waste time and distract and confuse the jury without any benefit."), the motion (Doc. 224) is **GRANTED**.

XI.

InnerWorkings moves in limine (Doc. 228) to exclude from evidence certain "pre-litigation correspondence between Smart Source's attorney, Louis Levenson, and InnerWorkings's predecessor counsel" or, if he testifies, to disqualify Levenson from representing the defendants in this action. The defendants respond (Doc. 253). For the reasons stated in the response, the motion (Doc. 228) is **DENIED**. To the extent discernible at this time, the cease-and-desist letters and the response and reply are not conclusively inadmissible based on irrelevance. Also, even if needed to

authenticate the letters, Levenson's testimony seems to establish only the formal matter of authenticity and appears on this record insufficient to warrant his disqualification.

## XII.

The defendants move *in limine* (Doc. 230) to preclude InnerWorkings's offering evidence "as to why any of [InnerWorkings] alleged customers ceased doing business with [InnerWorkings]." InnerWorkings responds (Doc. 255). Apparently, the defendants aim the motion at evidence of any kind except evidence from InnerWorkings's customers because "only each customer can tell the jury why it elected to cease doing business with [InnerWorkings]." Notwithstanding the decision of my esteemed colleague in *Sussman*, which presents a distinct and singular set of circumstances, nothing in this action suggests that at this stage an order should preclude — on the question of the customers' motivations for leaving InnerWorkings — all evidence of any kind from any source except evidence from the customers themselves, who, although central to the story of this action, are not, like almost every other source of evidence, the exclusive and unchallengeable source of truth on any question. (Even if a customer testifies, the opposing party can challenge, perhaps successfully, the truth of the testimony by resorting, for example, to evidence of more compelling explanations for the customer's action or by showing other contradictory matter; the evidence might not succeed but resort to the evidence is not prohibited). The motion (Doc. 230) is **DENIED**.

XIII.

The defendants move *in limine* (Doc. 231) to prohibit InnerWorkings's "referring to (1) its operations, a mere segment of its overall business, in Hawaii as [InnerWorkings's] 'Hawaii business' and (2) the revenue generated by new sales in Hawaii after February 14, 2020, as 'trailing revenue.'" InnerWorkings responds (Doc. 248). The motion, which is meritless, is **DENIED**.

XIV.

The defendants move (Doc. 232) to bifurcate the trial and separate the issue of punitive damages from the other issues. Simultaneously, the defendants move to exclude evidence of their financial status during the initial phase of the bifurcated action. The plaintiffs respond (Doc. 246). The motion (Doc. 232) is **DENIED WITHOUT PREJUDICE** to the defendants' renewing the motion (both components) nearer to the trial, at which time, assuming the action remains in the present posture, the motion will likely succeed. The separation of punitive damages from other issues typically resorts in a more balanced presentation of the evidence and the argument on the other issues and results in only a mild inconvenience to the jurors (actually, the convenience of a simpler verdict form might outweigh, and at least mitigates, the mild inconvenience of two deliberations). In an action that mixes claims that permit punitive damages with claims that do not, the benefits of separation are more pronounced.

XV.

The defendants move *in limine* (Doc. 233) to preclude evidence from InnerWorkings "claiming that all of [InnerWorkings's] Hawaii sales representatives resigned by, or effective on, February 14, 2020" because, say the defendants, "the Court should not permit [InnerWorkings] to use this false representation at trial." InnerWorkings responds (Doc. 245). For the reasons stated in the response, the motion (Doc. 233) is **DENIED**. Also, the jury, not the judge, is the finder of fact and a party who advances a readily disprovable assertion at trial is subject to the jury's finding the assertion false and arriving at adverse inferences secondary to that finding.

XVI.

The defendants move (Doc. 234) to preclude InnerWorkings from "attempting to present 'evidence' by and through the Declaration[s] of Emily Pfabe [] and Janell Oudenhoven [] upon which [InnerWorkings] seeks to rely [] in their efforts to authenticate the alleged 2018 Stock Option Agreement and alleged 2018 Restricted Stock Unit Award Agreement." InnerWorkings responds (Doc. 244). Consistent with many of the motions, responses, and other papers in this action, the motion and response contain much over-heated "noise" that obscures and distracts from the decisive issues. But, apparently, the controlling requirements of Rules 803(6) and 902(11), Federal Rules of Evidence, are mentioned only once and only in passing in the motion and response. The presentation in both the motion and the response seems not to include necessary legal and factual analysis and is perhaps premature

or, at least, incomplete. The motion (Doc. 234) is **DENIED WITHOUT PREJU-DICE** to either (1) the defendants' renewing the motion within twenty-eight days after this order or objecting on the same basis at trial or (2) to either party's moving separately for leave to conduct specified and limited discovery directed to the issue presented in the motion.

## XVII.

The defendants move (Doc. 235) to exclude evidence, argument, or comment by InnerWorkings at trial about the remedies of disgorgement, restitution, lost profit, or damages based on a multiple of EBITDA. Innerworkings responds (Doc. 252). The motion is **DENIED WITHOUT PREJUDICE** to the defendants' raising the issue at or immediately before trial.

## XVIII.

InnerWorkings moves (Doc. 238) to preclude "testimony or other evidence concerning the valuation of [Smart Source's] Hawaii business and certain other financial data, including the expense it purported incurred to generate income in Hawaii." The defendants respond (Doc. 256). The motion is **DENIED WITHOUT PREJUDICE** to InnerWorkings's raising the issue at or immediately before trial.

ORDERED in Tampa, Florida, on March 29, 2024.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE